UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICARDO JAIME BORROTO,

                    Petitioner,

    v.

TODD BLANCHE ET AL.,

                    Respondents.

Case No. C26-1928-SKV

ORDER GRANTING IN PART
PETITION FOR WRIT OF HABEAS
CORPUS

Petitioner Ricardo Jaime Borroto is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody and various forms of injunctive relief related to third country removal and future re-detention. Dkt. 7. Petitioner, who is proceeding through counsel, asserts that he is entitled to release from custody because his removal is not reasonably foreseeable and his continued detention is therefore in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See id.* at 24. Respondents filed a return to the petition, *see* Dkt. 10, together with a supporting declaration by Deportation Officer Harold Britt Jr., *see* Dkt. 11. Respondents did not file other exhibits or excerpts from Petitioner's immigration file. Petitioner filed a reply. *See* Dkt. 12.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 1

The Court, having considered the parties' submissions and the governing law, GRANTS in part the petition for writ of habeas corpus, ORDERS that Petitioner be released once conditions of release can be determined following supplemental briefing, as described below, and DENIES without prejudice Petitioner's requests for injunctive relief.

I.      BACKGROUND

Petitioner is a native and citizen of Cuba.  *See* Dkt. 7 at 3.  He first entered the United States via Mexico on November 21, 2019, to seek asylum.  *See id.*  He was served with a Notice to Appear, charged under INA § 212(a)(7)(A)(i)(I), scheduled for a February 25, 2020, hearing before an immigration judge ("IJ"), and returned to Mexico to await his hearing.  *See* Dkt. 11 at 2.  That hearing was repeatedly rescheduled.  *See id.*  Between February and September 2020, Petitioner re-entered the United States multiple times and was repeatedly returned to Mexico.  *See id.* at 2–3.  The details of his final entry are unclear.  *See id.* at 3.

Between December 2021 and February 2025, Petitioner was arrested approximately ten times in Florida and received multiple convictions.  *See id.*  On May 21, 2025, Petitioner was taken into immigration custody from a Florida jail, where he was serving a criminal sentence.  *See id.*  On June 1, 2025, Petitioner was transferred to the NWIPC.  *See* Dkt. 7 at 7.

On July 30, 2025, an IJ found Petitioner not competent to represent himself and appointed a qualified representative.  *See* Dkt. 11 at 3.  On or about October 17, 2025, Cuba denied Petitioner's repatriation.  *See id.*  On November 19, 2025, Petitioner's applications for asylum, withholding of removal, and deferral of removal were all denied, and he was ordered removed to Cuba.  *See* Dkt. 7 at 3.  Petitioner and the Government both waived appeal, and the removal order became final.  *See id.* at 7; Dkt. 11 at 4.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 2

On December 23, 2025, Petitioner was served with a third country removal notice to Mexico.[1]  *See* Dkt. 11 at 4.  Deportation Officer Britt represents that Petitioner agreed to be returned to Mexico.  *See id.*  On January 7, 2026, ICE learned that Mexico will not accept Cubans with mental health issues.  *See id.*

On January 30, 2026, Petitioner filed a pro se petition that was denied without prejudice on March 13, 2026.  *See Borroto v. Scott*, No. C26-0409-LK, 2026 WL 709775, at *1, *3 (W.D. Wash. Mar. 13, 2026).  Deportation Officer Britt represents that Petitioner requested removal to Mexico on April 24, 2026.  *See* Dkt. 11 at 4.  On June 11, 2026, ICE completed a post-order custody review, which recommended continued custody.  *See id.*  That document was forwarded to the Supervisory Detention and Deportation Officer and remains under review.  *See id.*

## II.  LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals detained in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Yildirim v. Hermosillo*, No. C25-2696-KKE, 2026 WL 111358, at *1 (W.D. Wash. Jan. 15, 2026).  "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief," *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013), and may dispose of habeas matters "as law and justice require," 28 U.S.C. § 2243.

## III.  DISCUSSION

The Immigration and Nationality Act expressly permits detention of noncitizens who were admitted to the United States but subsequently ordered removed during immigration proceedings.  *See* 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a).  Section 1231(a) governs the

---

[1] Respondents did not file a copy of the notice or any documents from Petitioner's immigration file.  As Petitioner does not contest any information in Deportation Officer Britt's declaration, the Court accepts his representations as undisputed.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 3

detention and release of noncitizens such as Petitioner who have been ordered removed, and it provides that the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. § 1231(a)(2). After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens or to release them on supervision. *See* 8 U.S.C. § 1231(a)(6). Although § 1231(a)(6) authorizes ICE to detain noncitizens beyond the initial 90-day window, it cannot do so indefinitely. *See Zadvydas*, 533 U.S. at 682.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States. *See Zadvydas*, 533 U.S. at 701. The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id*. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Id*. If the government is unable to meet its burden, then the noncitizen must be released from detention. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Petitioner has been detained for over seven months since his order of removal became final. He asserts that his removal is not reasonably foreseeable because Cuba will not accept him and, "despite Respondent[s'] repeated efforts to send Mr. Borroto to Mexico as a third country for removal, Mexico will not accept Mr. Borroto as a non-Mexican national who refuses Mexico as a third country." *See* Dkt. 7 at 24.

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 4

It is not clear whether the entirety of that assertion is true. The parties agree that Respondents cannot remove Petitioner to Cuba. They also agree that efforts to remove him to Mexico failed. The parties provide different reasons why removal to Mexico did not succeed. Deportation Officer Britt indicates that Petitioner has a mental health condition that rendered him incompetent to represent himself in immigration proceedings and that Mexico does not accept Cubans with mental health conditions. He also states that Petitioner agreed to be removed to Mexico and affirmatively requested removal to Mexico. In his reply, Petitioner does not acknowledge Deportation Officer Britt's assertions regarding his mental health and willingness to be removed to Mexico. Instead, he appears to continue attributing Mexico's refusal to accept him to a Mexican policy of not accepting non-Mexicans who refuse Mexico as a third country for removal. *See* Dkt. 12 at 2.

Nonetheless, Petitioner has demonstrated that he has been detained beyond the presumptively reasonable period recognized in *Zadvydas*. He has also shown good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, regardless of whether his removal to Mexico could not be effectuated due to his unwillingness to go or a mental health condition.

Respondents concede that no alternative removal plans are in place and that a suitable third country has not yet been identified. *See* Dkt. 10 at 4, 7; Dkt. 11 at 4. They do not indicate what efforts are underway to identify a country for removal or a timeline for removal. The Court therefore finds Respondents have not rebutted Petitioner's showing and that Petitioner is entitled to release from immigration custody.

In addition to release, Petitioner seeks the following injunctive relief: (1) an order preventing re-detention unless the Government establishes by clear and convincing evidence at a

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 5

hearing before a neutral decisionmaker that Petitioner is a flight risk or a danger to the community, based on changed circumstances after release, (2) an order preventing removal to a third country "without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings[,]" (3) an order barring removal to any third country where he is likely to face imprisonment or other punishment upon arrival; (4) an order "that Respondents may not subject Petitioner to GPS monitoring as a condition of his release, absent clear and convincing evidence that Petitioner is a flight risk or danger to the community and that no other alternatives mitigate those risks[,]" and (5) an order prohibiting Respondents from re-detaining Petitioner unless the Government "obtain[s] a valid travel document to Cuba" for Petitioner, "provide[s] the valid travel document to him and his counsel[,]" "offer[s] Petitioner the opportunity to leave on his own within two months[,]" and, if Petitioner does not leave, makes "concrete arrangements for him to be put on a flight to Cuba in the reasonably foreseeable future." Dkt. 7 at 29–30. Respondents oppose, arguing the alleged future harms are speculative. *See* Dkt. 10 at 4.

The Court agrees that Petitioner's requests for injunctive relief regarding re-detention and third-country removal processes are speculative. Petitioner has not shown that Respondents detained him unlawfully when they took him into immigration custody while he was serving a criminal sentence, that Respondents will likely re-detain Petitioner unlawfully in the future, or that Respondents will likely hold him indefinitely again. He also has not addressed Respondents' assertion that Petitioner requested removal to Mexico or articulated how any rights he wished to assert with respect to third-country removal were violated. His request to bar GPS monitoring as a condition of release is wholly unbriefed, and there is no indication that Respondents seek to remove Petitioner to a country where he would face imprisonment or torture

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 6

upon arrival.  The Court also queries whether Petitioner's requests are rooted in the facts of his case, or are an incidental product of highly templated briefing, given the factual sparsity of Petitioner's briefing and failure to engage with Respondents' factual assertions regarding his mental health and willingness to be removed to Mexico.  The Court accordingly finds Petitioner's requests for injunctive relief speculative and unsupported, based on this record, and DENIES them without prejudice.

The Court does not find itself well positioned to set a deadline for Petitioner's release on this record.  It is unclear whether Petitioner had finished serving his criminal sentence when ICE took him into custody and whether any term of probation remains outstanding.  It is also unclear whether appropriate conditions of release, and any necessary support resources, can be coordinated by Respondents and Petitioner's counsel by the twenty-four-hour release deadline typically set by this Court.  The parties are DIRECTED to file supplemental briefing addressing both points by **July 10, 2026**.

IV.     CONCLUSION

Based on the foregoing, this Court ORDERS as follows:

(1)     Petitioner's petition for writ of habeas corpus, Dkt. 7, is GRANTED in part;

(2)     Respondents shall RELEASE Petitioner by the deadline to be set by this Court following receipt of the parties' supplemental briefing; and,

(3)     Petitioner's requests for injunctive relief are DENIED without prejudice.

Dated this 2nd day of July, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING IN PART PETITION FOR
WRIT OF HABEAS CORPUS - 7